**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| James Shayler, | 2:21-cv-00166-VAP-AGRx |
| Plaintiff, | |
| v. | **Order GRANTING Motion for Default Judgment (Dkt. 16)** |
| 10616 Pico, LLC et al., | |
| Defendant. | |

Before the Court is Plaintiff James Shayler's ("Plaintiff") Application for Default Judgment. ("Motion," Dkt. 16). Having considered the papers filed in support of the Motion, the Court finds this matter appropriate for resolution without oral argument pursuant to Local Rule 7-15. The Court **GRANTS** the Motion.

## I.     BACKGROUND

Plaintiff has undergone multiple knee replacement surgeries and has a pinched sciatic nerve that causes his leg to give out sporadically. (Dkt. 1, ¶ 1). He suffers from spinal arthritis and experiences severe back pain on a regular basis. (*Id.*) Plaintiff has difficulty walking and standing and relies on a cane and walker for mobility. (*Id.*) He also suffered an injury that required surgery on his left arm, resulting in limited use of his left arm. (*Id.*) Defendant 10616 Pico, LLC owns the real property located at or about 10616 W Pico Boulevard, Los Angeles, California. (*Id.* ¶ 2). There is a

1

business establishment on the property known as "Domino's Pizza" ("Restaurant").  (*Id.* ¶ 3).

In November 2020 and December 2020, Plaintiff claims that he went to the Restaurant, a place of public accommodation, located at Defendant's property.  (*Id.* ¶¶ 10, 12).  Plaintiff makes several allegations regarding the inaccessibility of the Restaurant's parking facilities, including that the property "does not have any designated accessible parking spaces, access aisles, and accessible paths of travel" leading into the business, and that the property lacks directional signage showing an accessible path of travel.  (*Id.* ¶ 20).  Plaintiff alleges, in sum, that "[d]efendant has failed to maintain in working and useable conditions those features necessary to provide ready access to persons with disabilities."  (*Id.* ¶ 25).

On January 8, 2021, Plaintiff filed a Complaint against Defendant for damages and injunctive relief for violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act.  (Dkt. 1).  Plaintiff served Defendant with the Summons and Complaint on February 6, 2021.  (Dkt. 9). Defendant's Answer to the Complaint was due to be filed by March 1, 2021. Fed. R. Civ. P. 12.  Defendant failed to respond to the Complaint.  On March 10, 2021, Plaintiff moved for, and on March 12, 2021, the Clerk of Court entered, default against Defendant.  Although the Court has not located a proof of service for Plaintiff's request and the Clerk's entry of default, Defendant was on notice of Plaintiff's Motion for Default Judgment given Defendant's Response to Plaintiff's Motion for Default Judgment.  (Dkt. 17). On April 20, 2021, this Court declined to exercise supplemental jurisdiction

United States District Court
Central District of California

over Plaintiff's Unruh Act claim and dismissed the claim without prejudice. (Dkt. 19).

## II.    LEGAL STANDARD

Local Rule 55-1 provides that an application for default judgment must be accompanied by a declaration in compliance with Federal Rule of Civil Procedure 55(b) setting forth, *inter alia*, when and against what party the default was entered and the identification of the pleading to which default was entered.  Plaintiff has provided this.  (*See* Declaration of James Shayler, "Shayler Dec.," Dkt. 16-2).

Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a party who "fail[s] to plead or otherwise defend" a claim.  Fed. R. Civ. P. 55 (a)-(b)(2).  "Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather it is left to the sound discretion of the court." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

In exercising its discretion to grant or deny an application for default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits

3

(collectively, "*Eitel* factors").  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors.  *Mnatsakanyan v. Goldsmith & Hull APC*, No. 2:12-cv-04358-MMM-PLAx, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013).

### III.    DISCUSSION

Generally, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  *Televideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); Fed. R. Civ. P. 8(b)(6).  Pursuant to Rule 8(b)(6), the Court accepts as true the allegations in the unanswered Complaint and the statements in the declarations submitted in support of Plaintiff's Application for Default Judgment.

In applying the *Eitel* factors, the Court finds that Plaintiff is entitled to default judgment.  The Court will discuss each factor in turn.

### A.    Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers "whether the plaintiff will suffer prejudice if default judgment is not entered."  *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, Plaintiff contends that "[i]f default judgment is not entered, Plaintiff will have no recourse for the discrimination he suffers and will be prejudiced."  (Dkt. 16-1, at 25).  But on February 2, 2021, Defendant's counsel sent by e-mail to Plaintiff's counsel a

United States District Court
Central District of California

Rule 68 Offer of Judgment ("Offer") that included all the injunctive relief sought by Plaintiff in his Complaint as well as state law damages, in the total sum of $8,103.  The Offer was not accepted by Plaintiff and consequently considered withdrawn.  Thus, the Court disagrees that absent entry of default judgment, Plaintiff will be without recourse against Defendant, given Defendant's willingness to cooperate and the fact that Plaintiff may have an alternate remedy.  Accordingly, this factor tends to weigh against entry of default judgment.  *See King v. Natl. Credit Works, Inc.*, 1:10-CV-02413-AWI, 2011 WL 3847018, at *2 (E.D. Cal. 2011) (concluding that this factor disfavored default judgment where "there [was] no risk that Plaintiff [would] be without a remedy if default judgment [was] not granted").

**B.   The Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors "require that a plaintiff state a claim on which [the plaintiff] may recover."  *PepsiCo*, 238 F. Supp. 2d at 1175.  Here, Plaintiff brought two claims against Defendant: (1) violation of the ADA, 42 U.S.C. § 12181, *et seq.*; and (2) violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*  (Dkt. 1).  As the Court declined to exercise supplemental jurisdiction and therefore dismissed Plaintiff's Unruh Act claim (Dkt. 19), the Court will address only the merits of the ADA claim.

1.   <u>ADA Claim</u>

Title III of the ADA prohibits discrimination in public accommodations, and states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015) (citation omitted). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [the plaintiff] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (internal alteration original).

Plaintiff has pled his ADA claims successfully here.  First, Plaintiff has sufficiently pled that he meets the qualification under the ADA as a person with a disability.  Plaintiff alleges that he suffers from physical disabilities and relies on a cane and walker for mobility.  (Dkt. 1, ¶ 1).  Disability under the ADA is defined as "[a] physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1).  "Major life activities" include walking and standing.  42 U.S.C. § 12102(2).  Accepting the allegations in the Complaint as true, this element is satisfied.

Second, "a restaurant, bar, or other establishment serving food or drink" is a place of public accommodation.  42 U.S.C. § 12181(7)(B).  Plaintiff alleges that Defendant owns the property located at or about 10616 W Pico Boulevard, Los Angeles, California.  (Dkt. 1, ¶¶ 2-3).  Plaintiff conducted a public records search and established Defendant's ownership.  (Dkt. 16-4,

¶¶ 3-4; Dkt. 16-6).  Accepting the allegations in the Complaint as true, this element is also satisfied.

Third, a plaintiff can demonstrate that he was denied public accommodations by the defendant because of his disability "if the defendant failed to remove architectural barriers where such removal was readily achievable."  *Lozano v. C.A. Martinez Family Ltd. P'ship*, 129 F. Supp. 3d 967, 972 (S.D. Cal. 2015); *see* 42 U.S.C. § 12182(b)(2)(A)(iv).

Here, Plaintiff alleges that Defendant currently fails to remove "access barriers related to parking, signage, paths of travel, and entrance" in violation of ADA standards.  (Dkt. 1, ¶ 19).  The ADA's "requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945-46 (9th Cir. 2011).  Plaintiff specifically alleges that the Restaurant fails to provide "any designated accessible parking spaces, access aisles, and accessible paths of travel" leading into the Restaurant.  (*Id.* ¶ 20).  Plaintiff also alleges that Defendant could "easily remove the architectural barriers at its facility without much difficulty or expense."  (*Id.* ¶ 37).  Accepting the allegations in the Complaint as true, this element is satisfied because the Restaurant's parking facilities, entrance, and paths of travel are not accessible to persons such as Plaintiff, posing a barrier to entry where removal was readily achievable.

Therefore, Plaintiff has successfully stated a claim upon which he may recover under the ADA.

### C.   The Sum of Money at Stake

The fourth *Eitel* factor "takes into account the amount of money at stake and the seriousness of the defendant's conduct, which involves an assessment of whether the recovery sought is proportional to the harm which the defendant's conduct has caused." *Trustees of Teamsters Local 631 Sec. Fund for S. Nevada v. Knox Installation-Dismantling & Servs., Inc.*, No. 2:12-cv-1689-JAD-GWF, 2013 WL 4857897, at *2 (D. Nev. Sept. 9, 2013).

Plaintiff requests statutory damages in the amount of $4,000.00 against Defendant for each (now dismissed) claim under the Unruh Act.  "Under the ADA, 'damages are not recoverable ... only injunctive relief is available.'" *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).  Here, Plaintiff requests injunctive relief compelling Defendant's compliance with the ADA.  Plaintiff also intends to file a separate motion for his attorneys' fees and costs after judgment has been entered.  (Dkt. 16-1 at 26).  The reasonableness of the sum of money at stake will thus be determined once Plaintiff has filed said motion.  Plaintiff's motion for attorneys' fees and costs shall be filed by no later than the time period prescribed in Local Rule 54-7.  *See* C.D. Cal. L.R. 54-7.  Plaintiff's request must also adhere to the requirements set forth in Federal Rule of Civil Procedure 68, which states that "[i]f the judgment that the offeree finally

obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68.

### D.  Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case."  *PepsiCo*, 238 F.Supp.2d at 1177.  Upon entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true.  *Televideo Sys. Inc.*, 826 F.2d at 917-18.  Here, Plaintiff has adequately alleged violations of the ADA in his Complaint.  There is therefore little possibility of a dispute concerning material facts.  *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

### E.  Possibility of Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect."  *PepsiCo*, 238 F.Supp.2d at 1177.  Where the defaulting party is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [default] motion," the failure to defend cannot be attributed to excusable neglect.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).  Here, Defendant was served with the Complaint (Dkt. 9) and was on notice of Plaintiff's requests for entry of default given Defendant's Response to Plaintiff's Motion for Default Judgment.  (Dkt. 17).  Thus, there appears little likelihood that the default resulted from excusable neglect.

9

**F.   The Strong Public Policy Favoring Decisions on the Merits**

Though "[c]ases should be decided upon their merits whenever reasonably possible," a defendant's failure to respond "makes a decision on the merits impractical if not impossible."  *Eitel*, 782 F.2d at 1472.  As the Federal Rules of Civil Procedure allow for termination of a case before a hearing on the merits where a defendant fails to defend an action, this factor also favors entry of default judgment against Defendant.

Although the first and fourth *Eitel* factors do not support default judgment at this time, on balance, the remaining factors favor entry of default.  Therefore, the Court enters default judgment against Defendant.

**G.   Plaintiff's Requested Relief**

Having granted Plaintiff's Motion for Default Judgment as to the ADA claims, the Court next considered Plaintiff's requested relief.  Federal Rule of Civil Procedure 55(b)(2) "explicitly grants the district court wide latitude" in providing relief in a default judgment.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *Elektra Entm't*, 226 F.R.D. at 394.

1.   <u>Damages</u>

As the Court has dismissed Plaintiff's Unruh Act claims and damages are not available under the ADA, the Court does not address Plaintiff's claims for statutory damages.

2.   <u>Injunctive Relief</u>

Plaintiff also requests injunctive relief compelling Defendant's compliance with the ADA.  In his Application for Default Judgment, Plaintiff

United States District Court
Central District of California

states that he is seeking a judgment directing Defendant to "provide within one hundred eighty (180) days accessible parking, compliant signage regarding accessible parking, an accessible entrance, compliant signage regarding an accessible entrance, an accessible route of travel within the property lines connecting the designated disabled parking space to an accessible entrance, an accessible route of travel connecting the designated disabled parking space to the public sidewalk, an accessible route of travel connecting the public sidewalk to an accessible entrance, [and] compliant directional signage showing the accessible route of travel to the nearest accessible entrance at the property" pursuant to 42 U.S.C. § 12188(a)(2).  (Dkt. 16).

Under the statute, injunctive relief issued for failure to remove an architectural barrier "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter."  42 U.S.C. § 12188(a)(2).  "To be entitled to injunctive relief under 42 U.S.C. § 12188(a)(2), [a plaintiff] must show that [the defendant] has violated the [ADA's requirements]."  *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1015 (C.D. Cal. 2014).

To establish discrimination under the ADA, a plaintiff must show that the plaintiff is disabled, 42 U.S.C. § 12102(a); that Defendant's facility is a place of "public accommodation" and, therefore, governed by Title III of the ADA, 42 U.S.C. § 12182(a); that Defendant's facility has unlawful architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv); and that the plaintiff encountered the architectural barrier, precluding full and equal access to the

facility, 42 U.S.C. §12188(a).  As discussed above, Plaintiff has shown that here.

The Court therefore grants Plaintiff's request for injunctive relief and orders Defendant to provide, within one hundred eighty (180) days, accessible parking, compliant signage regarding accessible parking, an accessible entrance, compliant signage regarding an accessible entrance, an accessible route of travel within the property lines connecting the designated disabled parking space to an accessible entrance, an accessible route of travel connecting the disabled parking space to the public sidewalk, an accessible route of travel connecting the public sidewalk to an accessible entrance, and compliant directional signage showing the accessible route of travel to the nearest accessible entrance at the Domino's Pizza restaurant located at 10616 W Pico Boulevard, Los Angeles, California in compliance with the ADA Accessibility Guidelines.

### 3.   Attorneys' Fees and Costs

Finally, Plaintiff intends to separately file a motion for his attorneys' fees and costs.  Plaintiff's motion for attorneys' fees and costs shall be filed by no later than the time period prescribed in Local Rule 54-7.  *See* C.D. Cal. L.R. 54-7.  Plaintiff's request must also adhere to the requirements set forth in Federal Rule of Civil Procedure 68, which states that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68.

## IV.    CONCLUSION

The Court **GRANTS** Plaintiff's Application for Default Judgment.

Pursuant to 42 U.S.C. § 12188(a)(2), the Court orders Defendant to provide, within one hundred eighty (180) days, accessible parking, compliant signage regarding accessible parking, an accessible entrance, compliant signage regarding an accessible entrance, an accessible route of travel within the property lines connecting the designated disabled parking space to an accessible entrance, an accessible route of travel connecting the disabled parking space to the public sidewalk, an accessible route of travel connecting the public sidewalk to an accessible entrance, and compliant directional signage showing the accessible route of travel to the nearest accessible entrance at the Domino's Pizza restaurant located at 10616 W Pico Boulevard, Los Angeles, California in compliance with the ADA Accessibility Guidelines.

The Court enters a default judgment under separate cover.

**IT IS SO ORDERED.**

Dated:    9/28/21

Virginia A. Phillips
United States District Judge

13