**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

James Shayler,

Plaintiff,

v.

10616 Pico, LLC, et al.,

Defendant.

2:21-cv-00166-VAP-AGRx

**Order GRANTING Motion for Attorneys' Fees and Costs IN PART
(Dkt. 26)**

Before the Court is Plaintiff James Shayler's ("Plaintiff") Motion for Attorneys' Fees and Costs ("Motion"). After considering all the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court **GRANTS** the Motion **IN PART**.

## I. BACKGROUND

On January 8, 2021, Plaintiff filed a Complaint against Defendant 10616 Pico, LLC ("Defendant") alleging violations under the Unruh Act and Title III of the Americans with Disabilities Act ("ADA"). (Dkt. 1). Plaintiff alleged that Defendant's place of business had unlawful architectural barriers related to parking, route(s) of travel, and directional signage. (*Id.*) Although Defendant was served with the Summons and Complaint on February 6, 2021, (Dkt. 9), he failed to answer. The Clerk thereafter entered a Default against Defendant on March 12, 2021. (Dkt. 13). The Court

1

1  declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act

2  claim and dismissed it without prejudice on April 20, 2021.  (Dkt. 19).

3  Plaintiff filed an Application for Default Judgment ("Default Judgment")

4  against Defendant on April 15, 2021 (Dkt. 16), and the Court granted the

5  Default Judgment on September 28, 2021.  (Dkt. 24).  Plaintiff then filed the

6  present Motion on October 12, 2021, requesting $10,022 in attorneys' fees

7  and costs.  (Dkt. 26).

8

9                          **II.    LEGAL STANDARD**

10        Section 505 of the ADA provides that "in any action or administrative

11  proceeding commenced pursuant to [the ADA], the court or agency, in its

12  discretion, may allow the prevailing party . . . a reasonable attorney's fee,

13  including litigation expenses, and costs."  42 U.S.C. § 12205.  A prevailing

14  party is also entitled to reasonable attorneys' fees under the Rehabilitation

15  Act, California's Unruh Civil Rights Act, and California law concerning

16  access for disabled persons.  29 U.S.C. § 794a(b); Cal. Civ. Code §§

17  52(b)(3), 55.  Once a court determines that an applicant is a prevailing party

18  who should be awarded attorneys' fees, it must next determine what fees

19  are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

20

21        The "Supreme Court's longstanding rule [is] that fees are awarded to

22  prevailing parties in civil rights cases—including ADA cases—according to

23  the lodestar method."  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1161

24  (9th Cir. 2018) (Christen, J., concurring).  Under the lodestar approach,

25  "[e]ach attorney's reasonable hourly rate is determined, and then that rate is

26  multiplied by the hours reasonably spent in achieving plaintiff's victory.  The

2

result is the lodestar, which may be adjusted up or down to determine an appropriate award in the individual case."  *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 222 (9th Cir. 2013) (internal citations omitted).

### III.   DISCUSSION

#### A.   Rule 68 Applicability

As a preliminary matter, Defendant asserts that it served a Rule 68 offer upon Plaintiff on February 1, 2021, and that Plaintiff's attorneys' fees cannot accrue past this date.  (Opposition, "Opp'n," Dkt. 29, at 8).  Plaintiff contends that the Rule 68 offer does not apply because 1) the Court declined to exercise Supplemental Jurisdiction over Plaintiff's Unruh Act claim and 2) the Rule 68 offer was defectively served.  (Motion, at 9-10).

Rule 68(a) provides that:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the of-fer, either party may then file the offer and notice of ac-ceptance, plus proof of service. The clerk must then enter judgment.  Fed. R. Civ. P. 68(a).

If a plaintiff chooses not to accept a Rule 68 offer, its ability to recover costs later in the proceedings may be limited.   "If a Rule 68 offer of judgment is not accepted, and the judgment that the plaintiff finally obtains is

not more favorable than the unaccepted offer, 'a plaintiff...must bear its own and the defendant's post-offer costs.'  *Van v. Language Line, LLC*, No. 14-CV-03791-LHK, 2016 WL 5339805, at *4 (N.D. Cal. Sept. 23, 2016), aff'd sub nom. *Van v. Language Line Servs., Inc*., 733 F. App'x 349 (9th Cir. 2018) (citing *Champion Produce, Inc. v. Ruby Robinson Co*., 342 F.3d 1016, 1026 (9th Cir. 2003).

Here, the Court agrees with Plaintiff that the Rule 68 offer was defectively served and therefore does not apply.  Defendant's counsel admits that he served the Rule 68 offer by sending it to Plaintiff's counsel via email, (Dkt. 17) which is insufficient to effect service.  As courts have explained, "[s]ervice of a Rule 68 offer must comply with Federal Rule of Civil Procedure 5(b)."  *Van*, 2016 WL 5339805, at *5.  Rule 5(b) provides a number of ways service can be made, including by mail, or by "any other means that the person consented to in writing."  Fed. R. Civ. P. 5.  Service by email is not an acceptable method, and there is no evidence here that Plaintiff ever consented to being served by email.  Moreover, this is not one of the rare cases where Defendant has demonstrated "exceptional good cause" for having failed to comply with Rule 5(b).  *See Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1431 (9th Cir. 1996) ("We . . . require that a party demonstrate exceptional good cause for failing to comply with Rule 5(b)").

Although Rule 68 is inapplicable in this case, the Court does agree with many of the arguments Defendant raises in Opposition—namely, that Plaintiff's attorneys' fees reflect excessive rates and unnecessary charges.

1    (Opp'n, at 4-10).  Defendant makes a compelling argument that Plaintiff's
2    counsel chose not to settle, even when the requested relief was offered,
3    because they were motivated by the opportunity to accrue more attorneys'
4    fees.  The Court addresses the concerns about Plaintiff's attorneys' fees
5    below.

6

7    **B.  Attorneys' Fees Analysis**

8            Plaintiff asserts that three attorneys—Mr. Hakimi, Mr. Shahriari, and
9    Ms. Steven—expended a total of 19.3 hours on the case, amounting in
10   attorneys' fees of $9,350.  (Declaration of Anoush Hakimi, "Declaration," at
11   4).  Plaintiff further estimates that two additional hours will likely be
12   expended in reviewing Defendant's opposition and drafting a reply.  (*Id.*)  Mr.
13   Hakimi and Mr. Shahriari's hourly billing rates are $495 each, and Ms.
14   Steven's hourly billing rate is $425.  (*Id.* at 4-5).  Plaintiff also seeks $672 in
15   total costs, including filing fees of $402, process service fees of $30, and
16   investigator fees of $240.  (Motion, at 9).  In total, Plaintiff is seeking
17   $10,022 in attorneys' fees and costs.

18

19            The Court first must determine whether or not the party seeking fees
20   is the prevailing party.  *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115 (9th
21   Cir.2000); *Chabner v. United of Omaha Life Ins. Co.*, 1999 WL 33227443
22   (N.D.Cal.1999).  A plaintiff is the prevailing party when the "resolution of the
23   dispute ... changes the legal relationship between itself and the defendant."
24   *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792
25   (1989).  In other words, "'plaintiffs may be considered "prevailing parties" for
26   attorney's fees purposes if they succeed on any significant issue in litigation

United States District Court
Central District of California

5

which achieves some of the benefit the parties sought in bringing suit.'" *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Hensley*, 461 U.S. at 433).

As established by the record, Plaintiff is the prevailing party in this case.  Plaintiff achieved a Default Judgment against Defendant and obtained the injunctive relief sought in the Complaint.

Next, the Court determines whether or not the amount requested is a reasonable one.  *Fischer*, 214 F.3d at 1115.  "In determining a reasonable attorney's fee, the district court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the prevailing party expended on the litigation by a reasonable hourly rate."  *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir.1995) (citing *Hensley*, 461 U.S. at 433).  The Court then decides whether to increase or decrease the lodestar amount by evaluating the factors enunciated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976).

The *Kerr* factors are: time and labor required; the novelty and difficulty of the questions involved; the skill needed to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorney; the "undesirability" of the case; the nature and length

6

of the professional relationship with the client; and awards in similar cases.
*Id.*

**C.   Reasonable Hourly Rate**

Declarations from local attorneys who practice in the same area of law regarding the prevailing market rate in the community suffice to establish a reasonable hourly rate.  *See Widrig v. Apfel*, 140 F.3d 1207, 1209-10 (9th Cir. 1998); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996) (noting that declarations from attorneys in the community can provide adequate proof of the reasonableness of counsel's rates).  The "[d]etermination of a reasonable hourly rate is not made by reference to rates actually charged."  *Chalmers*, 796 F.2d at 1210.

The Court has reviewed the declaration of the attorney attached to the Motion.  Plaintiff's counsel did not submit credible evidence to support the hourly rate sought, such as a declaration from an attorney with expertise in attorney's fees.  Plaintiff's counsel instead submitted a 2018 Real Rate Report, which presents highly generalized data about the median hourly rates for partners and associates in Los Angeles, California.  The law firm's Rate Report does not specifically relate to the type of work being done in Los Angeles in this field, and the Court does not find it to be a persuasive source to determine the hourly rates in this case.

As the Ninth Circuit has emphasized, "district courts have a duty to ensure that claims for attorneys' fees are reasonable, and a district court does not discharge that duty simply by taking at face value the word of the

prevailing party's lawyer for the number of hours expended on the case."
*Vogel*, 893 F.3d at 1160 (emphasis in original) (internal quotations and
citations omitted).  Moreover, the Court may "rely[] on [its] own knowledge of
customary rates and [its] experience concerning reasonable and proper
fees."  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  *See, e.g.*,
*Wild v. NBC Universal*, No. CV103615 GAF (AJWx), 2011 WL 12877031, at
*3 (C.D. Cal. July 18, 2011) (holding "that the hourly rates charged by these
attorneys fall within the range of rates charged by similarly situated
attorneys in the Los Angeles area" because "[t]he Court has addressed
numerous attorneys' fees motions and is thoroughly familiar with billing rates
charged by counsel in the local legal market").  The Court employs its
discretion to determine the reasonable rates here.

Considering the rate prevailing in the community for similar work
performed by attorneys of comparable skill, experience, and reputation, the
Court finds a reasonable hourly rate for Mr. Hakimi, Mr. Shahriari, and Ms.
Steven is $350 per hour.

### D.   Reasonable Hours

Once a party has established that it is entitled to an award of
attorneys' fees, "[i]t remains for the district court to determine what fee is
reasonable."  *Hensley*, 461 U.S. at 433 (internal quotation marks omitted).
A court may award fees only for the number of hours it concludes were
reasonably expended litigating the case.  "Counsel for the prevailing party
should make a good faith effort to exclude from a fee request hours that are
excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434.  At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

In determining a reasonable number of hours, the Court must examine detailed time records to determine whether the hours claimed are adequately documented.  *Chalmers*, 796 F.2d at 1210 (citing *Hensley*, 461 U.S. at 433-34).  Plaintiff's counsel has provided an organized billing statement that details a date, description, attorney, time, hourly rate, and dollar amount for each entry.  (Dkt. 28-4.)  The billing statement reflects 19.3 total billable hours and $9,350 total billable fees.  (*Id.*)  The Court has reviewed every billing entry in Plaintiff's statement and eliminated the fees requested by Plaintiff for (1) tasks on which excessive time was spent, (2) unnecessary, excessive, or duplicative entries, and (3) hours where the description is insufficiently clear.

A sizable portion of Plaintiff's counsel's billing entries sought fees for duplicative work and excessive time.  Indeed, Plaintiff's counsel has billed for *three* attorneys on a case that resulted in a default judgment on the original complaint.  Plaintiff's counsel also has inflated the amount of time necessary to complete routine litigation tasks.  For example, Plaintiff's counsel billed 3.8 hours to, in part, "review work product of investigator and prepare complaint"; another 1.1 hours to "review complaint" and "review property records," and another 1.7 hours to "finalize" the complaint and file

lawsuit. (Dkt. 28-4, at 3). The Court finds that these three tasks are duplicative and excessively billed for filing what is clearly a form complaint. Moreover, Plaintiff's counsel appears to have inappropriately billed for tasks that are clerical in nature, *i.e.,* billing .1 hours to "review and file proof of service." (*Id.*).

After reducing excessive and unnecessary billings, and incorporating the revised hourly rate, the "presumptively reasonable" lodestar amounts for Plaintiff's counsel are as follows. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

|  | Hourly Rate | Hours Expended | Lodestar |
|---|---|---|---|
| **Anoush Hakimi** | $350 | 2.9 | $1,015 |
| **Peter Shahriari** | $350 | 2.7 | $945 |
| **Laura Steven** | $350 | .7 | $245 |
| **Total: $2,205** | | | |

### E.  Kerr Factors

There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah Count*y, 815 F.2d at 1262 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when the attorneys faced exceptional risks of not prevailing or not recovering any fees. *Chalmers*, 796 F.2d at 1212.

*See also Blum*, 465 U.S. at 903 (Brennan, J., concurring); *Hensley*, 461 U.S. at 448 (Brennan, J., concurring in part, dissenting in part).

Although the court must consider the *Kerr* factors, it need not discuss all of them "because most are not matters on which anything is at issue or needs to be said," *McGinnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1994), and many of the *Kerr* factors are subsumed within the lodestar calculation, *see Jordan v. Multnomah County*, 815 F.2d at 1262. The Court nevertheless discusses the *Kerr* factors below.

As stated above, the *Kerr* factors are: time and labor required; the novelty and difficulty of the questions involved; the skill needed to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee, whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorney; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.  *Kerr,* 526 F.2d 67.

Plaintiff's counsel does not argue that it should be awarded fees above the lodestar amount, nor does it provide any support for such a request.  As discussed above, this case did not require the services of three lawyers performing duplicative work and spending almost twenty hours on routine tasks.  Nor did this case address particularly novel or difficult

questions. In fact, it appears to be a straightforward ADA case that does not raise novel legal issues.

Indeed, Plaintiff submitted little more than a Complaint, an Application for Default Judgment, and this Motion for Attorney's Fees throughout the history of the entire proceedings.  The nature of the case and Plaintiff's minimal work product do not justify a basis for an upward departure from the lodestar.

### F.   Reasonable Costs

Finally, Plaintiff's counsel requested $672 for costs and expenses, including a filing fee, service fee, and investigator's fee. (Dkt. 26-1, at 9). The Court has reviewed the cost breakdown and found it to be reasonable. The Court will award $672 for costs and expenses.

## IV.   CONCLUSION

The Court therefore **GRANTS** Plaintiff's Motion for Attorneys' Fees **IN PART**.  The Court awards Plaintiff's counsel $2,205 in fees and $672 in reasonable costs.

**IT IS SO ORDERED.**

Dated:   12/9/21

_____
Virginia A. Phillips
United States District Judge